**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4278**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRAHIM LAJQI,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:10-cr-00502-RWT-1)

———————

Submitted: November 10, 2011    Decided: December 14, 2011

———————

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, LaKeytria W. Felder, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Gregory Welsh, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brahim Lajqi appeals his sixty-month variant sentence imposed after his plea of guilty to visa fraud, in violation of 18 U.S.C. § 1546(a) (2006). We affirm.

Lajqi first argues on appeal that the uncharged conduct upon which the variance was based should have been proved by clear and convincing evidence because it substantially increased his sentence beyond that which would have been reasonable based on the offense of conviction alone. Our precedent squarely forecloses this argument. United States v. Grubbs, 585 F.3d 793, 801 (4th Cir. 2009), cert. denied, 130 S. Ct. 1923 (2010). Lajqi also argues that his sentence was substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing substantive reasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Contrary to Lajqi's argument, 18 U.S.C. § 3553(a) (2006) does not require any further consideration of the strength of the evidence regarding uncharged conduct after the court finds facts by a preponderance. Lajqi's argument that the factual basis for the

2

variance was insufficiently relevant to the offense of conviction similarly relies on a factor not found within § 3553(a), and is not supported by our precedent. United States v. Hernandez-Villanueva, 473 F.3d 118, 123-24 (4th Cir. 2007) (affirming, for conviction for illegal reentry, variant sentence imposed where court found that defendant continued to associate with MS-13 after reentry and sentence was necessary to protect public and deter others). Lajqi's contention that his low likelihood of recidivism warranted a lesser sentence is insufficient to show that the district court abused its discretion.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED